# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

RICKY W. MINK                                              PETITIONER

v.                                               CIVIL ACTION NO. 5:14CV-P72-R

RANDY WHITE                                             RESPONDENT

## MEMORANDUM OPINION

Petitioner Ricky W. Mink filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court must conduct a preliminary review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon review of the petition, the Court concludes that it must be denied.

Petitioner challenges a Kentucky State Penitentiary disciplinary proceeding finding him guilty of the institutional charges of possession of or promoting dangerous contraband and making threatening/intimidating statements. As his penalty, he received 105 days of disciplinary segregation. Petitioner alleges due process violations and seeks immediate release from segregation.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. at 500.

In the instant case, Petitioner is not challenging the validity of his conviction or the duration of his sentence. Rather, he is challenging the circumstances of his confinement, *i.e.*, his placement in segregation, and as relief, he seeks only release from segregation, not an immediate or speedier release from incarceration. "As such, [Petitioner's] allegations are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . do not in any way implicate the validity of his conviction or duration of his state-court sentence."); *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001) ("Disciplinary segregation affects the severity rather than duration of custody."); *Jacobs v. Bertrand*, 228 F.R.D. 627 (E.D. Wis. 2005) (finding state prisoner's claims that his disciplinary segregation was imposed in violation of applicable prison rules and laws were not cognizable under § 2254 but had to be brought under § 1983, as the claims did not challenge his placement in custody but only the condition of his confinement).

For these reasons, Petitioner is not entitled to habeas relief, and the petition will be dismissed without prejudice. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("Similar 'habeas' petitions have been dismissed without prejudice to a petitioner's potential § 1983 claims, allowing the prisoner to later bring any civil rights claims properly.").

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. A COA must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
 Respondent
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
  Frankfort, KY 40601
4413.005